Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
KERRELL JOHNSON

        Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. DAVID SAMMARCO (Shield #021076), and P.O.s "JOHN DOE" #1-10 (said names being fictitious, as the true names are presently unknown), Individually and in Their Official Capacities,

        Defendants.
------------------------------------------------------------

**AMENDED COMPLAINT**

**Jury Trial Demanded**

15-cv-01621 (WHP)

        Plaintiff Kerrell Johnson by his attorney, Kim E. Richman, complaining of the above-referenced Defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

        Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York, P.O. David Sammarco (Shield #021076) and P.O.s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant

1

to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.     Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Mr. Johnson's constitutional and civil rights.

3.     Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action that derive from the same nucleus of operative facts that give rise to the federally-based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.     Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff Kerrell Johnson is an African-American male with no criminal record and is a retired United States veteran. At the time of the incident, Plaintiff was employed as a cook at a local nursing home.

7. At all times relevant hereto, Plaintiff was a resident of Bronx County, located in the Southern District of New York.

8. At all times relevant hereto, Defendant the City of New York ("City") was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant hereto, Defendants P.O. David Sammarco and P.O.'s "John Doe" #1-10 (said names being fictitious, as the true names are presently unknown) were and are police officers employed by the New York City Police Department ("NYPD") and acting under color of state law (collectively, with Defendant City, "Defendants").

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD, pursuant to their authority as employees, servants and agents of the NYPD within the scope of their employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## **FACTS**

12. On or about February 12, 2013 at approximately 5:00 p.m., Plaintiff was lawfully present inside a convenience store along White Plains Road in Bronx, New York.

13. Suddenly, Defendant P.O. David Sammarco and approximately three (3) other uniformed NYPD Officers, Defendant P.O.s John Doe #1-3, burst into the store.

14. Defendant NYPD Officers questioned Plaintiff and searched him, despite a complete lack of probable cause against him. Defendants did not recover any contraband from Plaintiff.

15. While Defendant Officers were questioning and searching Plaintiff, two (2) undercover NYPD Detectives, Defendant P.O.s John Doe #4 and #5, entered the store. At this time, Plaintiff became aware that the Defendant NYPD Officers and Detectives were searching for some unknown individual.

16. While Defendant NYPD Detectives searched for this unknown individual, Defendant NYPD Officers aggressively beat another male present at the convenient store, without provocation or justification. Upon observing Defendants' aggressive behavior, Plaintiff feared for his safety, causing him great emotional distress.

17. Despite a continued lack of probable cause or reasonable suspicion against Plaintiff, Defendant P.O. David Sammarco arrested Plaintiff by handcuffing him. Plaintiff asked Defendant P.O. David Sammarco why he was being arrested, but Officer Sammarco did not reply.

18. Before placing Plaintiff into an NYPD vehicle, one of the Defendant Officers yelled at Plaintiff and spat in Plaintiff's face.

19. Defendants then transported Plaintiff to the NYPD 47th Precinct, where he was processed.

20. Although Defendants did not have any reason to believe that Plaintiff had any contraband on his person, Defendant Officers subjected Plaintiff to a strip-search while at the precinct. Again, Defendants did not recover any contraband from Plaintiff.

21. Plaintiff was later transported to central booking to await arraignment.

22. On or about the evening of February 14, 2013, Plaintiff was arraigned under Docket Number 2013BX008775. Plaintiff was arraigned on the basis of an accusatory instrument signed by Defendant P.O. David Sammarco (Shield #021076), which contained false allegations and falsely charged Plaintiff with Resisting Arrest and Disorderly Conduct.

23. Approximately forty-seven (47) hours after being falsely arrested by Defendants, Plaintiff was finally released from custody following his arraignment.

24. Subsequently, Plaintiff was forced to defend himself in court numerous times against these baseless criminal charges for over one and a half years, until all charges related to this incident were dismissed in his favor on August 21, 2014.

25. As a result of the aforementioned violations of his civil rights by Defendants, Plaintiff Kerrell Johnson was unjustly and unlawfully deprived of his liberty for approximately forty-seven (47) hours, put in fear for his safety, subjected to the humiliation and emotional distress of being arrested, strip-searched and falsely prosecuted, and searched and led away in full public view, resulting in damage to his esteem and reputation within his community.

**FIRST CLAIM FOR RELIEF:**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>**

26. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

28. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities accorded by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, such acts being actionable under 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of Defendant City that is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

34. As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

35. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

36. As a result of his false arrest, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### THIRD CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

37. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

39. Defendants acted with intent to do harm as there was at no point any

reasonable suspicion or probable cause to subject Plaintiff, who was acting lawfully, to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

40. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve the arrest numbers of the NYPD. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

41. As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

42. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

### FOURTH CLAIM FOR RELIEF: <br> <u>MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983</u>

43. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

44. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges and to suffer a significant deprivation of liberty in connection therewith.

45. The criminal charges against Plaintiff were terminated in his favor.

46. Defendants and their agents, servants, and employees carried out all of the

aforementioned acts under color of state law.

47. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

48. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### FIFTH CLAIM FOR RELIEF:
### ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

49. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

50. As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendants without any reasonable suspicion of criminality or other constitutionally-required grounds. Moreover, this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

51. As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

52. As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

53. The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF:
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

54. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

55. Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendments rights, in part because of his race and gender and in part because he was exercising his constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

56. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

57. As a result of Defendants' unlawful acts, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

## SEVENTH CLAIM FOR RELIEF:
## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

58. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

59. Those Defendants who were present in the places and during the times when Plaintiff's constitutional rights were violated, but who did not actively participate in the aforementioned unlawful conduct, did observe such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to so intervene.

60. Accordingly, those Defendants who failed to so intervene violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to and continues to experience humiliation, ridicule, and disgrace before his family and peers, confinement, economic and pecuniary loss, pain and suffering, embarrassment and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community.

### EIGHTH CLAIM FOR RELIEF: <br> MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

62. Plaintiff Kerrell Johnson repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

63. Defendants searched, seized and prosecuted Plaintiff despite a complete lack of probable cause against him, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

64. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

65. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant City and its agencies, including the NYPD, all under the supervision of ranking officers of the NYPD.

66. The aforementioned customs, policies, usages, practices, procedures of Defendant City include discriminating against and detaining males of minority races

without reasonable suspicion or having probable cause with respect to each individual and without evidence of each individual's criminal activity, and conducting intrusive body searches without individual particularized suspicion or other legal justification.

67. Defendants, collectively and individually, while acting under color of State law, were directly and actively involved in violating the constitutional rights of Plaintiff.

68. Defendants, collectively and individually, while acting under color of State law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

69. Defendant City, as municipal policymaker in the training and supervision of Defendants P.O. David Sammarco (Shield #021076) and P.O.s "John Doe" #1-10, individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights secured by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

70. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to Plaintiff's constitutional rights.

71. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

73. All of the foregoing acts by Defendants deprived Plaintiff Kerrell Johnson of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from false arrest;

    c. To be free from unlawful search;

    d. To be free from malicious prosecution and abuse of legal process; and

    e. To receive equal protection under the law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         June 5, 2015

                                        Respectfully submitted,

                                        _____
                                        Kim E. Richman
                                        **THE RICHMAN LAW GROUP**
                                        195 Plymouth Street
                                        New York, NY 11201
                                        212-687-8291 (telephone)
                                        212-687-8292 (facsimile)

                                        *Attorney for Plaintiff*